NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE EMERY, Jr., | No. 21-35283 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01691-MC |
| v. | |
| MICHAEL GOWER, Assistant Director of Operations, Oregon Department of Corrections (ODOC), in their individual and official capacities; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 14, 2021[**]

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Oregon state prisoner Robert Lee Emery, Jr., appeals pro se from the district

court's judgment dismissing his action alleging claims under 42 U.S.C. § 1983 and

the Americans with Disabilities Act ("ADA").  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). *Byrd v. Maricopa County Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court properly dismissed Emery's § 1983 claims because Emery failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (an access-to-courts claim requires plaintiff to plead actual injury); *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (a claim for procedural due process requires a "deprivation of a constitutionally protected liberty or property interest"); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (a First Amendment retaliation claim in the prison context requires a plausible allegation that adverse actions were taken because of protected conduct); *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) (an equal protection claim requires plaintiff to allege plausibly that defendants were motivated by discriminatory animus).

The district court dismissed Emery's ADA claim because Emery failed to allege facts sufficient to show that he was denied prison services, programs, or

activities because of his alleged mental health impairments or that the prison refused all accommodations for his alleged disabilities. However, Emery alleged that he has been diagnosed with severe mental illness, which prevents him from working in the law library at most times, and that defendants discriminated against him by denying him adequate accommodations. Specifically, he alleges that the portable word processor provided to him is significantly worse than the law library computers and that the two hours of law library time reserved for inmates in the mental health unit are not sufficiently quiet or not regularly provided. He also alleges that the prison could provide quiet rooms and library resources in the Mental Health Unit. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737-39 (9th Cir. 2021) (setting forth the elements of an ADA claim). We therefore reverse the judgment on this claim only and remand for further proceedings.

The district court did not abuse its discretion in denying Emery's motion to appoint counsel because Emery did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel).

We reject as meritless Emery's contention that the district court was biased.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions (Docket Entry Nos. 4, 5, and 7) are denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**